SCANLON, Respondent, v. H. B. CLAFLIN CO., Appellant.

(Common Pleas of New York City and County, General Term. December 4, 1893.)

Action by John Scanlon against the H. B. Claflin Company.
Argued before BISCHOFF and GIEGERICH, JJ.

Kneeland & Stewart, for appellant.
Wm. J. A. Caffrey, for respondent.

GIEGERICH, J. The plaintiff's evidence is insufficient to support his cause of action. It is conceded that the agreement as to extra compensation for the year 1889 was executed, but the testimony of the plaintiff with reference to the arrangement for the year 1890 fails, in our opinion, to establish a like contract for that year, or for the years following. This testimony is to the effect that defendant's manager suggested that the extra compensation would be discontinued, and that there were "angry words," but no renewal of the previous year's agreement appears. Were it not for this admitted discord, a contract for similar compensation might be implied, but in the face of such disagreement it certainly would seem that the plaintiff did not justly rely upon any further compensation for his weekly work than his weekly wages. The case was insufficient at the time when plaintiff rested, and the error presented by the refusal to dismiss was not cured by evidence subsequently adduced. For these reasons the judgment should be reversed, and a new trial ordered, with costs to abide the event.

---

FRABETTO et al., Respondents, v. CAMP, Appellant.

(City Court of New York, General Term. November 27, 1893.)

Appeal from trial term.
Action by Paello Frabetto and Philomena Frabetto against Hugh N. Camp. From a judgment for plaintiffs, defendant appeals. Affirmed.

Samuel E. Duggey, for appellant.
Michael F. McGoldrick, for respondents.

NEWBURGER, J. The plaintiffs hired a plot of ground at Sedgwick avenue and the old Boston road, in the city of New York, on which a frame house stood belonging to plaintiffs, and occupied the same. During plaintiffs' absence in the month of September, 1892, plaintiffs' house was broken into by a number of men, and filled with cement, and the property of plaintiffs injured and destroyed. It is claimed that the cement was the property of defendant, and was brought to the house by the agents of defendant, to be used in improvements on the farm on which the house stood. This action is brought to recover damages for such acts on the part of defendant and his agents. A careful examination of the appeal book fails to disclose any errors. The trial justice properly submitted the case to the jury, and there are no exceptions that would warrant us in disturbing the judgment herein. The judgment must therefore be affirmed, with costs.